NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LUIS ALBERTO CHAVEZ-FARIAS, | No. 17-71944 |
| Petitioner, | Agency No. A077-158-480 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Immigration Judge

Submitted October 22, 2018**

Before:    SILVERMAN, GRABER, and GOULD, Circuit Judges.

Luis Alberto Chavez-Farias, a native and citizen of Mexico, petitions for

review of an immigration judge's ("IJ") determination under 8 C.F.R. § 1208.31(a)

that he did not have a reasonable fear of persecution or torture in Mexico and thus

is not entitled to relief from his reinstated removal order.  Our jurisdiction is

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

governed by 8 U.S.C. § 1252.  We review for substantial evidence the IJ's factual findings.  *Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016).  We dismiss in part and deny in part the petition for review.

Chavez-Farias does not dispute his removability under 8 U.S.C. § 1182(a)(6)(A)(i).  Thus, even if Chavez-Farias's conviction has been vacated, he has not established a gross miscarriage of justice so as to permit review of his collateral challenge to the underlying removal order.  *See Garcia de Rincon v. Dep't of Homeland Sec.*, 539 F.3d 1133, 1138 (9th Cir. 2008) (while a petitioner is generally prevented from collaterally attacking an underlying removal order on constitutional due process grounds, 8 U.S.C. § 1252(a)(2)(D) permits some measure of review if the petitioner can demonstrate a "gross miscarriage of justice" in the prior proceedings).  We therefore lack jurisdiction to review Chavez-Farias's challenge to the removal order.

We also lack jurisdiction to consider Chavez-Farias's proposed social group that he raises for the first time in his opening brief.  *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (petitioner must exhaust issues or claims in administrative proceedings below).

Substantial evidence supports the IJ's conclusion that Chavez-Farias failed to demonstrate a reasonable possibility of future persecution in Mexico on account of a protected ground.  *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010)

17-71944

(petitioner's "desire to be free from harassment by criminals motivated by theft or random violence . . . bears no nexus to a protected ground"); *Molina-Morales v. INS*, 237 F.3d 1048, 1052 (9th Cir. 2001) (harm based on personal retribution is not persecution on account of a protected ground).

Finally, substantial evidence also supports the IJ's conclusion that Chavez-Farias failed to demonstrate a reasonable possibility of torture by or with the consent or acquiescence of the government of Mexico. *See Andrade-Garcia*, 828 F.3d at 836-37.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**